**Samuel A. SMITH, M.D., Defendant Below–Appellant,**

v.

**Laura J. WALLACE and Edgar C. Wallace, Plaintiffs Below–Appellees.**

No. 165, 1997.

Supreme Court of Delaware.

Submitted: Sept. 16, 1997.
Decided: Oct. 14, 1997.

John A. Elzufon and Maria J. Poehner, of Elzufon & Austin, Wilmington, for appellant.

Larry D. Sullivan, New Castle, for appellee.

Before WALSH, HOLLAND and HARTNETT, JJ.

HOLLAND, Justice.

The defendant-appellant, Samuel A. Smith, M.D.[1] ("Dr. Smith"), has filed this interlocutory appeal seeking relief from the order of the Superior Court denying his motion for summary judgment. The plaintiffs-appellees, Laura J. Wallace ("Laura Wallace") and Edgar C. Wallace alleged in a complaint that Dr. Smith, a psychiatrist at Delaware State Hospital, was negligent in his medical treatment of Laura Wallace. The Superior Court held that there was a material factual dispute about whether the Wallaces' complaint was timely filed.

In this appeal, Dr. Smith contends that the complaint is time-barred under the two-year statute of limitations for medical malpractice actions. 18 Del.C. § 6856. First, Dr. Smith argues that because Laura Wallace consulted an independent mental health care provider within the standard two-year statute of limitations, she had presumptive knowledge of her alleged injury under this Court's holding in Ewing v. Beck, Del.Supr., 520 A.2d 653 (1987). Alternatively, Dr. Smith argues that

even if the second health care provider was not independent, Laura Wallace had actual notice of her injury within the two-year statute of limitations.

The Court finds both of Dr. Smith's arguments to be without merit. The interlocutory judgment of the Superior Court is affirmed. This matter is remanded for further proceedings.

### Facts

From December 1992 until July 2, 1993, Laura Wallace was a patient of Dr. Smith's at Delaware State Hospital. She was seen by him as an outpatient, generally on a weekly basis. According to Laura Wallace, a sexual relationship between Dr. Smith and Laura Wallace began during her second appointment. The complaint alleges that this sexual relationship continued through every visit for treatment until her last consultation with Dr. Smith in July of 1993.

Laura Wallace did not seek further medical care for her mental health problems until she went to Delaware State Hospital again in March of 1995. At that time, she asked to see a female psychiatrist and was assigned to Dr. Judith Jones ("Dr. Jones"). Shortly after the beginning of her treatment with Dr. Jones, Laura Wallace disclosed her "affair" with Dr. Smith. The record on appeal does not reflect Dr. Jones' recollection or response to this revelation because Dr. Jones did not file an affidavit and was not deposed. According to Laura Wallace, Dr. Jones stated that it was unethical for Dr. Smith to have a sexual relationship with her and that Dr. Smith had to be reported to the administration of the Delaware State Hospital.

Laura Wallace filed this action on October 18, 1995. On February 14, 1997, Dr. Smith filed a Motion for Summary Judgment. He argued that Laura Wallace's claim was time-barred by the two-year statute of limitations. 18 Del.C. § 6856. That motion was denied by the Superior Court on the basis that there was a material factual dispute about Laura

---

1. Pseudonyms were adopted for the individuals referred to in this opinion pursuant to Supreme Court Rule 7(d).

Wallace's knowledge of Dr. Smith's alleged medical malpractice.

### Standard of Review

This is Dr. Smith's appeal of the interlocutory order denying his motion for summary judgment. Dr. Smith denies that the alleged sexual relationship with Laura Wallace occurred. Nevertheless, this Court must review the record facts *de novo,* in the light most favorable to the non-moving party, to determine if Dr. Smith is entitled to summary judgment as a matter of law. *Benge v. Davis,* Del.Supr., 553 A.2d 1180, 1182 (1989). Consequently, the focus of this appeal is not whether the sexual relationship occurred, but rather, if the relationship did occur as alleged, whether the statute of limitations had expired before the complaint was filed.

### Medical Malpractice Statute of Limitations

The statute of limitations for medical malpractice actions is, generally, two years. 18 *Del.C.* § 6856. That statute also provides a one-year extension for unknown injuries. If a personal injury "was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person," the action may be brought in the extended time period of three years from the date that the injury occurred. 18 *Del.C.* § 6856(1).

### Presumptive Knowledge Requires Independent Consultation

■ The doctrine of continuous negligent medical treatment applies to Laura Wallace's alleged sexual relationship with Dr. Smith. This Court has held that "[w]hen there is a continuum of negligent medical care related to *a single condition* occasioned by negligence, the plaintiff has but one cause of action—for continuing negligent medical treatment." *Ewing v. Beck,* Del.Supr., 520 A.2d 653, 662 (1987). Consequently, the statute of limitations begins to run from the last date of negligent care. *Id.*

■ For the purpose of deciding Dr. Smith's motion for summary judgment, an application of "[t]he *Ewing* rule requires a two-part inquiry: (1) what is the date upon which the plaintiff had actual or constructive knowledge of the negligent course of treatment; and (2) what is the date of the 'last act' in the negligent continuum immediately prior to the date that the patient received knowledge, actual or constructive, of the negligent course of treatment." *Benge v. Davis,* Del.Supr., 553 A.2d 1180, 1184 (1989). In *Ewing,* this Court stated:

> In determining whether a patient had knowledge of a negligent course of medical treatment which would commence the running of the two year statute, this Court adopts an objective test, i.e. the reasonably prudent person. However, we also hold that there shall be a presumption that a patient who actually consults with an independent health care provider about the same condition which is subsequently the subject matter of an alleged negligent medical continuum knew or in the exercise of reasonable diligence could have known about the prior negligent course of conduct on date of the consultation with the independent health care provider.

*Ewing v. Beck,* Del.Supr., 520 A.2d 653, 664 (1987) (footnote omitted). Therefore, "[i]f a patient receives independent medical advice from a skilled health care provider in the form of a second opinion or consultation, that patient has a duty of inquiry not only about his [or her] condition but about his [or her] prior course of medical treatment." *Id.* See also *Ogden v. Gallagher,* Del.Supr., 591 A.2d 215, 220 (1991); *Benge v. Davis,* Del.Supr., 553 A.2d 1180, 1186 (1989); *Bissell v. Papastavros' Assocs. Med. Imaging,* Del.Super., 626 A.2d 856, 862 (1993).

The date of Laura Wallace's actual or constructive knowledge of Dr. Smith's alleged medical negligence is the central issue in this case. The parties agree that Laura Wallace's last date of treatment by Smith was in July of 1993. Dr. Smith alleges that Laura Wallace consulted an independent medical health care provider, Dr. Jones, within two years of the termination of Dr. Smith's treatment. Dr. Smith argues that, under this Court's holding in *Ewing,* Wallace had a duty of inquiry and that her knowledge of the

alleged injury is presumed as of her March 1995 consultation with Dr. Jones. Accordingly, Dr. Smith submits that the statute of limitations began to run in July of 1993. Thus, Dr. Smith asserts that Laura Wallace's claim is barred by the two-year statute of limitations.

■ The record reflects that Dr. Jones and Dr. Smith were not private practice physicians who were simply members of the Delaware State Hospital medical staff. Instead, Dr. Jones and Dr. Smith were both health care providers who were *employees* of the *same* medical facility, Delaware State Hospital. In *Ewing,* this Court held that "[a] health care provider will not be deemed independent if he [or she] is in a medical group or clinic with the same health care provider who is alleged to have engaged in a continuous course of negligent medical treatment." *Ewing v. Beck,* 520 A.2d at 664, n. 14.

Therefore, Dr. Jones was not an independent health care provider *vis-a-vis* Dr. Smith. Consequently, the presumption of knowledge regarding her alleged injury and its concomitant duty of inquiry, as articulated by this court's holding in *Ewing,* were not triggered when Laura Wallace consulted Dr. Jones. *Cf. Seymour v. Lofgreen,* 209 Kan. 72, 495 P.2d 969 (1972). Accordingly, the record does not support Dr. Smith's first basis for asserting that the Wallaces' complaint is barred by the two-year statute of limitations.

### Actual Knowledge
### Material Factual Dispute

Dr. Smith's alternate contention is that, even if Dr. Jones was not an independent health care provider, his motion for summary judgment should be granted because Laura Wallace had actual knowledge of her alleged injury within the two year statute of limitations. The record reflects that Dr. Jones began treating Laura Wallace in March of 1995. Laura Wallace admits revealing her "affair" with Dr. Smith to Dr. Jones within the two year statute of limitations. Laura Wallace also admits that Dr. Jones told her that it was unethical for Dr. Smith to have engaged her in a sexual relationship and that Dr. Smith's conduct should be reported to the Delaware State Hospital administration.

Dr. Smith contends that Laura Wallace's knowledge that the sexual relationship was wrong constituted actual knowledge that she had a cause of action against him for negligent medical treatment, as a matter of law. A similar legal argument was rejected in *Greenberg v. McCabe,* E.D.Pa., 453 F.Supp. 765 (1978). In *Greenberg,* the jury had found the defendant physician liable for medical negligence for improperly administering drugs to the plaintiff and for having sexual relations with the plaintiff during the course of her treatment. The defendant maintained that, under Pennsylvania rule, the plaintiff had actual or constructive knowledge of her injury more than two years prior to the filing of the suit, and therefore the suit was time barred. The defendant based that argument on the fact that the plaintiff acknowledged the defendant had told her their sexual relationship was "wrong." In *Greenberg,* the court noted several reasons for denying defendant's motion, including that:

> the jury might well have concluded that the defendant's statement that the sexual relationship was wrong reflected his feeling that sex between him and the plaintiff was improper or immoral, rather than his opinion that it was improper psychiatric care, and that it was reasonable for plaintiff not to infer that the treatment was damaging for her.

*Greenberg,* 453 F.Supp. at 770. *Accord Simmons v. United States,* 9th Cir., 805 F.2d 1363, 1367–68 (1986).

■ The record is ambiguous as to whether Laura Wallace knew she had suffered an injury. She continuously referred to her relationship with Dr. Smith as an "affair." She clearly did think that, as a married woman, what she had done was immoral. But, the record does not reflect any acknowledgment by Laura Wallace, during the standard two-year statute of limitations period, that Dr. Smith's actions were harming her mental health. Nor does the record contain any *expert opinion* on that question.

The Superior Court properly determined that there was a material factual dispute

about whether Laura Wallace had knowledge of her cause of action within the two-year statute of limitations for medical malpractice. The ultimate trier of fact on that issue will undoubtedly have the additional benefit of Dr. Jones' factual testimony. Perhaps the trier-of-fact will also be presented with other expert testimony about Laura Wallace's mental health.

### *Conclusion*

The interlocutory judgment of the Superior Court, denying Dr. Smith's motion for summary judgment, is affirmed. This matter is remanded to the Superior Court for further proceedings.